UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
    WILLIAM BRADY,

              Plaintiff,                       **MEMORANDUM AND ORDER**
                                                            15-CV-4566 (HG) (MMH)

          v.

FOODLINER INC.;
MANUEL SOSA ARRENDELL,

              Defendants.
------------------------------------------------------------X
**HECTOR GONZALEZ**, United States District Judge:

      Before the Court are the motions *in limine* submitted by Defendants Foodliner Inc. and Manuel Sosa Arrendell (collectively, "Defendants") in advance of the parties' trial on Plaintiff's negligence claims scheduled to commence on June 6, 2022. *See* ECF Nos. 49–51. The Court assumes familiarity with the underlying facts and procedural history of this case and describes those details only as necessary to decide Defendants' motions. For the reasons explained in this memorandum, Defendants' motions are GRANTED in part and DENIED in part.

      **I.**     **Defendants' Motion to Preclude Plaintiff from Calling Expert Witnesses (ECF No. 51)**

      Plaintiff may not call any expert witnesses at trial because of his repeated failures to serve any expert disclosures according to the deadlines in Fed. R. Civ. P. 26 and the Court's prior orders. The Court therefore GRANTS Defendants' motion in full. *See* ECF No. 51.

      Plaintiff has not served any expert disclosures in this case, despite the Court having set a deadline of March 28, 2016, for Plaintiff to serve reports for any medical experts. ECF No. 9. Plaintiff waited more than four months after that deadline had passed to file a motion seeking leave to serve belated expert reports. ECF No. 14. The Court denied that motion, explaining that although Plaintiff would not be permitted to serve any expert reports pursuant to Fed. R.

Civ. P. 26(a)(2)(B), Plaintiff could serve the abbreviated disclosures permitted by Fed. R. Civ. P. 26(a)(2)(C) related to the anticipated testimony of his treating physicians.  ECF No. 15.  However, Plaintiff failed to serve those abbreviated disclosures 90 days before trial, as required by Fed. R. Civ. P. 26(a)(2)(D).

During the original pretrial conference in this case on February 24, 2020, the Court allowed Plaintiff, with the consent of Defendants, another 60 days to serve expert reports.  ECF No. 40 at 13–14.  More than two years have passed since that conference, and Plaintiff has neither attempted to serve expert reports during that time nor moved for an extension of his deadline to do so.

When a party fails to timely identify an expert witness and provide information about the expert's opinions, "the party is not allowed to use that information or witness to supply evidence . . . at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  This Court has the discretion to decide when precluding the testimony of a witness is warranted.  *Olutosin v. Gunsett*, No. 14-cv-685, 2019 WL 5616889, at *4 (S.D.N.Y. Oct. 31, 2019).  The Second Circuit has directed district courts to consider the following factors when exercising that discretion:  "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *FIH, LLC v. Foundation Capital Partners LLC*, 920 F.3d 134, 145 (2d Cir. 2019) (precluding party's reliance on expert report served on the last day of discovery).

Although the Court recognizes that precluding a witness's testimony is a "drastic remedy and should be exercised with discretion and caution," the collective weight of these factors

2

justifies precluding Plaintiff from calling any expert witnesses at trial. *See Olutosin*, 2019 WL 5616889, at *4. As explained above, Plaintiff had multiple opportunities to serve an expert report but failed to do so. His only explanation for not doing so is that his treating physicians were unwilling to serve as expert witnesses. *See* ECF No. 57 at 7–8. However, Plaintiff has no right to compel a particular person to prepare an expert report, and he was free to retain an alternative medical expert when it became clear that his treating physicians were unwilling to do so. Defendants, on the other hand, would be prejudiced by needing to prepare to cross-examine expert witnesses disclosed on the eve of trial, and the Court is unwilling to further adjourn the trial, which has already been adjourned several times over the course of two years. *See* ECF Nos. 42–43, 45.

The Court recognizes that testimony regarding matters requiring specialized medical knowledge will likely play an important role in Plaintiff's case. However, the Court's preclusion of Plaintiff's potential expert testimony is mitigated by the Court's decision to allow Plaintiff's treating physicians to testify about medical opinions that they formed during the course of treating Plaintiff, as explained in the next section.

## II. Defendants' Motion to Limit the Testimony of Plaintiff's Treating Physicians (ECF No. 49)

Plaintiff's treating physicians may testify at trial, but their testimony must remain limited to facts within their personal knowledge and medical opinions that they actually formed while treating Plaintiff. The Court therefore GRANTS Defendants' motion, except that Plaintiff's treating physicians may testify about any opinions they reached related to the cause of Plaintiff's injuries, contrary to Defendants' request that such testimony be precluded. *See* ECF No. 49 at 3.

A party's treating physician may testify at trial even without serving an expert report pursuant to Fed. R. Civ. P. 26(a)(2)(B). *Ali v. Connick*, No. 11-cv-5297, 2016 WL 3002403, at

3

\*7 (E.D.N.Y. May 23, 2016). "[T]he notes to Rule 26 specifically contemplate that a treating physician . . . may testify without a written expert report." *Brutton v. United States*, 687 F. App'x 56, 58 (2d Cir. 2017).[1] Whether the party provides an expert disclosure about the treating physician only affects the scope of the opinion testimony that the physician may offer, not whether the physician may testify at all. For example, treating physicians who provide the abbreviated expert disclosure described in Fed. R. Civ. P. 26(a)(2)(C) may testify about "facts acquired as part of litigation," rather than while treating a party, such as "another doctor's records or opinions" or other "outside sources." *Ali*, 2016 WL 3002403, at \*9; *see also Olutosin*, 2019 WL 5616889, at \*5.

As described in the previous section, Plaintiff has served neither an expert report described in Fed. R. Civ. P. 26(a)(2)(B) nor the abbreviated disclosure described in Fed. R. Civ. P. 26(a)(2)(C). Accordingly, if Plaintiff's treating physicians appear at trial, their testimony will be "limited to facts acquired and opinions formed during" their treatment of Plaintiff. *Ali*, 2016 WL 3002403, at \*9. They may testify about their review of medical records but only "medical records consulted *at t[he] time*" of Plaintiff's treatment—not any records that they may have reviewed solely for the purpose of this litigation. *Olutosin*, 2019 WL 5616889, at \*7. They may not address any opinions that Defendants' experts express during their testimony. Finally, contrary to Defendants' argument, Plaintiff's treating physicians may offer opinions about the cause of Plaintiff's injuries and any damages that he suffered, so long as those opinions are "based upon information that was acquired as part of [their] treatment of" Plaintiff. *Puglisi v.*

---

[1] "The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.*" Fed. R. Civ. P. 26 (Advisory Committee Notes on 1993 Amendment) (emphasis added).

4

*Town of Hempstead Sanitary Dist. No. 2*, No. 11-cv-445, 2013 WL 4046263, at *7 (E.D.N.Y. Aug. 8, 2013); *see also Ali*, 2016 WL 3002403, at *7 ("[A] treating physician who testifies as a fact witness can opine on 'causation, severity, disability, permanency and future impairments' as part of the doctor's explanation of treatment.").

### III. Defendants' Motion to Exclude Portions of Medical Records (ECF No. 50)

Defendants' motion to exclude from evidence unspecified portions of Plaintiff's medical records is DENIED. However, the parties must follow the steps described in this section to ensure that any medical records admitted into evidence at trial comply with the rule against hearsay, the considerations of Fed. R. Evid. 403, and all other rules regarding admissibility.

Plaintiff may admit medical records into evidence at trial even though those records contain statements or information recorded by medical professionals who will not appear to testify and whom Defendants will therefore not cross-examine. Defendants' arguments to the contrary are based solely on decisions from New York state courts that do not apply in this case. *See* ECF No. 50 at 2–3. "Courts in the Second Circuit regularly admit medical records as evidence pursuant to Federal Rule of Evidence 803(6), the business records exception to the hearsay rule." *Sepulveda v. City of New York*, No. 15-cv-5187, 2020 WL 2836952, at *7 n.3 (E.D.N.Y. May 29, 2020). If Defendants had wanted to inquire about specific statements in Plaintiff's medical records, they could have subpoenaed the medical professionals who prepared those records to testify in a deposition or at trial. *See Middleton v. Rivera*, No. 05-cv-3145, 2010 WL 4242852, at *9 (S.D.N.Y. Mar. 9, 2010) (report and recommendation), *adopted in full*, 2010 WL 4258951 (Oct. 27, 2010).

Although Plaintiff's medical records generally fall within the business records exception to the rule against hearsay, the Court recognizes that some of Plaintiff's records may contain statements that do not meet the criteria for that exception. Those particular statements "must

5

independently qualify as a hearsay exception or exclusion in order to be admissible" and will not be admitted into evidence solely because the remainder of the medical record was prepared according to the criteria described in Fed. R. Evid. 803(6). *Ross v. Guy*, No. 18-cv-1340, 2022 WL 768196, at *4 (E.D.N.Y. Mar. 14, 2022). Defendants may object to such statements in advance of trial, according to the process explained below, but they must identify the objectionable statements with greater specificity than they have done in their motion *in limine*. *See* ECF No. 50. For any statement to which Defendants specifically object, Plaintiff must demonstrate that the statement meets the criteria described in Fed. R. Evid. 803(6) either through live testimony or a certification by a custodian of the records described in Fed. R. Evid. 902(11). Alternatively, Plaintiff may demonstrate through witness testimony that the statement meets some other exception to the rule against hearsay, such as the exception in Fed. R. Evid. 803(4) related to medical diagnosis or treatment. *See Scoma v. City of New York*, No. 16-cv-6693, 2021 WL 1784385, at *14 (E.D.N.Y. May 4, 2021); *M.C. v. Cty. of Westchester, N.Y.*, No. 16-cv-3013, 2022 WL 1124920, at *4 (S.D.N.Y. Apr. 13, 2022).

Furthermore, the Court will not allow the wholesale admission into evidence of Plaintiff's entire medical file. Even though the majority of Plaintiff's medical records likely qualify for the hearsay exception described in Fed. R. Evid. 803(6), the Court must ensure that such records will not be unduly confusing or misleading to lay jurors. *See* Fed. R. Evid. 403; *Scoma*, 2021 WL 1784385, at *14. To guard against this issue, the Court will allow a party to admit a medical record into evidence only if that party either: (a) identifies "a witness with specialized skill and knowledge" who plans to explain that record to the jury or (b) demonstrates that the record is sufficiently simple that it "do[es] not require specialized knowledge or skill to understand." *Duchnowski v. Cty. of Nassau*, 416 F. Supp. 3d 179, 183 (E.D.N.Y. 2018).

Accordingly, the parties must take the following steps to deal with the evidentiary issues described in this section in advance of trial. On or before May 25, 2022, the parties must exchange with each other a list of: (i) the specific medical records that they plan to admit into evidence and (ii) a corresponding witness who plans to testify about each record. The lists that the parties exchange between themselves must identify particular documents, rather than stating that a party plans to offer into evidence all of the medical records created by a particular healthcare provider, as the parties have done in their pretrial order. *See* ECF No. 44 at 9–12. To the extent that a party challenges the admissibility of any records identified on its opponent's list, the parties shall identify their disputes about specific documents (and specific statements therein) in a joint letter to the Court filed before the close of business on May 27, 2022.

## **CONCLUSION**

For the reasons described above, Defendants' motions *in limine* are GRANTED in part and DENIED in part: (i) Plaintiff may not call any expert witnesses at trial; (ii) the testimony of Plaintiff's treating physicians will be limited to facts within their personal knowledge and medical opinions that they actually formed while treating Plaintiff, as more specifically described in Section II; and (iii) Plaintiff's medical records may be admitted into evidence, subject to the limitations described in Section III. The parties shall raise with the Court any remaining evidentiary disputes related to Plaintiff's medical records in the manner described in Section III before the close of business on May 27, 2022.

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                               HECTOR GONZALEZ
                                               United States District Judge

Dated: Brooklyn, New York
        May 21, 2022